UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES,<br>    Plaintiff, | :<br>:|
| v. | :   Case No. 3:16cv14 (VAB) |
| SCARLETT FORBES, ET AL.,<br>    Defendants. | :<br>:<br>: |

**<u>RULING AND ORDER</u>**

Plaintiff, Dashante Scott Jones, currently resides in Hartford, Connecticut. He has filed a complaint under 42 U.S.C. § 1983, alleging violations of law that occurred while he was in the custody of Connecticut's Department of Correction. He has named Mental Health Workers Scarlett Forbes, Pat Ward, Debi Ward and William Longo, Drs. Mark Frayne, Gerold Gonye, Johny Wu and Carson Wright, Captain Marinelli, Warden Ann Cornouyer and Health Services Administrator Ritchard Farey as Defendants. Mr. Jones has also filed a motion for injunctive relief and a motion to preserve videotapes. For the reasons set forth below, the Complaint is dismissed in part, and the pending motions are denied.

**I.      Initial Review of the Complaint [ECF No. 1]**

Under 28 U.S.C. § 1915A(a) and (b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil

1

Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,'" or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to interpret "a *pro se* complaint liberally," a complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

### A. Factual Allegations

Mr. Jones claims that on May 22, 2014, at Corrigan Correctional Institution ("Corrigan"), prison staff sexually assaulted him.[1] Prison officials allegedly transferred him to Northern Correctional Institution ("Northern") later that day. Mr. Jones claims that he was not able to submit a claim under the Prison Rape Elimination Act ("PREA") until fifteen days after he was allegedly sexually assaulted by prison staff at Corrigan. In early June 2014, Captain Marinelli allegedly falsified reports that he submitted in connection with Mr. Jones's claim under the PREA.

---

[1] The Court notes that, because of the very small handwriting on unlined paper, this Complaint is extremely difficult to read and understand.

Mr. Jones also claims that Warden Cornouyer refused to report the alleged sexual assault on the Mr. Jones to the Connecticut State Police.

Mr. Jones claims that Dr. Frayne examined him on May 23, 2014 at Northern.  During this exam, Dr. Frayne allegedly noted that someone had kicked Mr. Jones in the testicles.  Mr. Jones claims that Dr. Frayne refused to characterize the assault by prison officials at Corrigan as a sexual assault because Dr. Frayne had allegedly sexually assaulted individuals at a prior place of employment.

At Northern, Defendants Debi Ward, Scarlett Forbes and Pat Ward allegedly refused to speak to Mr. Jones privately about his mental health issues.  Instead, he claims that they would speak to him at his cell door so that other inmates could hear what was said about his mental health issues, in violation of his right to privacy.  This conduct allegedly occurred for seven months.  Mr. Jones claims that when he told Defendant Farey about this conduct, Farey failed to take any action.

Defendant Gonye allegedly discontinued Mr. Jones's mental health medications despite the fact that Mr. Jones had been previously diagnosed as suffering from Post Traumatic Stress Disorder.  Dr. Gonye allegedly informed Mr. Jones that he had discontinued the medications because he did not think Mr. Jones suffered from a condition that required medication.  Mr. Jones also claims that Dr. Gonye considered the requests for mental health treatment and medication as an attempt by Mr. Jones to influence the sentence that he might receive in connection with his state criminal case.

Mr. Jones alleges that Defendant Wright did not prescribe medication for his head injury in a timely manner.  Dr. Wright also allegedly refused to issue an order that Mr. Jones undergo an MRI, but did prescribe pain medication for the injury to his testicles.

Mr. Jones claims that he filed a complaint against the Defendants with the Commission on Human Rights and Opportunities ("CHRO") in August or September 2014.  On November 6, 2014, after Mr. Jones accused Defendant Frayne of having molested individuals at his prior place of employment, Defendant Frayne allegedly issued Mr. Jones a disciplinary report for using foul language and intimidating staff.  Defendant Longo was listed as a witness to the disciplinary infraction, but Mr. Jones claims that he was not present at the scene.

On November 7, 2014, Defendant Frayne allegedly placed Mr. Jones on behavior observation status in retaliation for filing his complaint with the CHRO.  He also allegedly ordered prison officials to remove legal work from Mr. Jones's cell.  Mr. Jones claims that when he informed Defendant Cornouyer of his unlawful placement on behavior observation status, she failed to take any action.

Finally, Mr. Jones claims that Dr. Johny Wu is the supervisor of all of the Defendants.  He alleges that he contacted Dr. Wu in 2014 seeking medical treatment for his injuries from a medical provider outside of the Department of Correction, and Dr. Wu failed to take any action.  In January 2015, prison officials at Northern allegedly transferred Mr. Jones to Cheshire Correctional Institution.

### B.     Official Capacity Claims

For relief, Mr. Jones seeks monetary damages.  To the extent that Mr. Jones seeks damages against the Defendants in their official capacities, the claims are barred by the Eleventh

4

Amendment.  *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989).  All such claims are dismissed under 28 U.S.C. § 1915A(b)(2).

      **C.**      **Captain Marinelli and Warden Cornouyer**

Mr. Jones claims that Captain Marinelli submitted reports that inaccurately described the assault that occurred on May 22, 2014 at Corrigan.  Captain Marinelli submitted these reports in connection with Mr. Jones's claim under the PREA, 42 U.S.C. § 15601.   Mr. Jones also alleges that Warden Cornouyer refused to call the State Police to investigate the assault.

There is nothing in the PREA that suggests that Congress intended to create a private right of action for inmates to sue prison officials for non-compliance with the Act.  *See Chao v. Ballista*, 772 F. Supp. 2d 337, 341 n.2 (D. Mass. 2011) (collecting cases and noting that "every court to address the issue" has held that the PREA does not provide a private cause of action); *Chinnici v. Edwards,* No. 1:07–cv–229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) ("[T]he PREA confers no private right of action. The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue.") (citation omitted). The Act authorizes the compilation of data and statistics concerning incidences of prison rape and the development and implementation of national standards for the detection, prevention, reduction, and punishment of prison rape.  *See* PREA, 42 U.S.C. §§ 15602-03, 15606-07.  The Act does not grant any specific rights to inmates.  Moreover, the United States Supreme Court has held that in the absence of "an 'unambiguous' intent to confer individual rights," such as a right to sue, courts will not imply such a right in a federal funding provision.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279-80 (2002).   Because the PREA does not provide a private right of action, the allegations that

5

Captain Marinelli submitted reports that did not accurately describe the assault on Mr. Jones by prison staff do not state a claim upon which relief may be granted and are dismissed.

In addition, "[t]he law is clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials." *Banks v. Annuci*, 48 F. Supp. 3d 394, 414 (N.D.N.Y. 2014) (citations omitted). Nor is a victim of allegedly criminal conduct entitled to a criminal investigation or prosecution of the alleged perpetrator of the crime. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (per curiam) (inmates alleging beating by prison guards lacked standing to challenge prison officials' request to Magistrate Judge not to issue arrest warrants); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *McCrary v. Cnty. of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted."). Thus, the fact that Warden Cornouyer may have refused to call the State Police on Mr. Jones's behalf regarding his allegations of sexual assault, does not constitute a constitutional violation.

In sum, the claim that Defendant Warden Cornouyer refused to contact the State Police on behalf of Mr. Jones and all claims against Defendant Captain Marinelli are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### D.     Mental Health Worker William Longo

Mr. Jones claims that William Longo was listed on the disciplinary report for insulting language as a witness to the statements that he allegedly made to Dr. Frayne on November 6, 2014.  Mr. Jones contends that William Longo was not present at the location where he made the statements.  Thus, he could not have heard the statements.

The fact that William Longo may not have been a witness to the alleged disciplinary infraction does not state a claim of a violation of Mr. Jones's federally or constitutionally protected rights.  Inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988).  Furthermore, "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986) (citation omitted).

Mr. Jones asserts no other claims against Defendant William Longo.  Accordingly, all claims against Defendant Long are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

### E.     Fourth, Fifth and Fourteenth Amendment Claims

Mr. Jones generally asserts that the Defendants violated his Fourth and Fifth Amendment rights as well as his right to equal protection under the Fourteenth Amendment.  There are no facts to support claims any such claims.  Accordingly, the Fourth, Fifth and Fourteenth Amendment claims are dismissed.   *See* 28 U.S.C. § 1915A(b)(1).

### F.     The Remaining Federal Claims

Mr. Jones alleges that Defendants Johny Wu, Gerold Gonye, Carson Wright, Mark Frayne, Debi Ward, Pat Ward, Scarlett Forbes, Anne Cornouyer and Ritchard Farey were deliberately indifferent to either his mental health or medical needs.  He also claims Defendants Debi Ward, Pat Ward and Scarlett Forbes were deliberately indifferent to his safety and violated his right to privacy by discussing his mental and medical needs in front of other inmates.  In addition, he alleges that Defendant Dr. Frayne retaliated against him for filing a claim with the CHRO.

Under 42 U.S.C. § 1983, prison officials may be liable to a prisoner for a violation of the Eighth Amendment, if the officials acted with "deliberate indifference" to his safety.  *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).  Deliberate indifference constitutes more than mere negligence, it constitutes recklessness and requires an official to "act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).  It can apply to both claims that prison officials denied or provided insufficient medical or mental health care and that they failed to protect inmates from physical harm.  *See e.g.*, *id.*; *Hendricks v. Coughlin*, 942 F.2d 109, 112-13 (2d Cir. 1991).  After a careful review of the Complaint and consideration of this standard, the Court concludes that, at this time, Mr. Jones has stated plausible Eighth Amendment claims of deliberate indifference to mental health and medical needs and deliberate indifference to safety.  However, to survive summary judgment on these Eighth Amendment claims, Mr. Jones must produce evidence supporting all of the required legal elements of this type of claim, including evidence raising an inference that the Defendants acted recklessly.

To state a First Amendment retaliation claim under section 1983, a prisoner must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected [conduct] and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, Mr. Jones alleges that he filed a CHRO complaint, which is a protected activity. *Cf. Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). He claims that, as a result, Defendant Frayne issued a disciplinary report. Applying this standard and construing the complaint liberally, the Court concludes that Mr. Jones has stated a plausible First Amendment retaliation claim at this stage. To survive summary judgment on this claim, Mr. Jones must produce evidence supporting all of the required legal elements of this claim, including evidence that the report was issued because of his CHRO complaint, by for example, demonstrating that the report was false.

Finally, inmates do have some privacy interest in their medical history and medical records. *See generally Whalen v. Roe*, 429 U.S. 589, 599 (1977) (recognizing an interest in avoiding disclosure of "personal matters"); *see also Taylor v. Macomber*, No. 97 Civ. 4127(DAB), 1999 WL 349696, at *2 (S.D.N.Y. May 27, 1999) (discussing how this interest applies to prison inmates). This right is not absolute in the prison context and generally must be balanced against the government's interest in disclosing the medical history and whether that interest is "reasonably related to a penological interest." *See Taylor*, 1999 WL 349696, at *3. Allowing other inmates to listen to discussions between Mr. Jones and his mental health professionals could plausibly infringe on Mr. Jones's right to privacy without a reasonable

9

relationship to any penological interest. Thus, the right to privacy claim will proceed at this time.

### G. State Law Claims

Finally, Mr. Jones also alleges state law claims of negligence, medical malpractice, and infliction of emotional distress. His Complaint indicates that he believes Defendants Gonye and Wright did not give him the medical treatment that he should have received. Under Connecticut law, to state a plausible medical malpractice claim, a plaintiff must allege facts in support of the following elements: "(1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury . . . ." *Hayes v. Camel*, 283 Conn. 475, 484 (2007). At this stage, construing the Complaint liberally, the Court finds that Mr. Jones has stated a plausible medical malpractice claim. However, his Complaint does not explain the nature of his negligence and infliction of emotional distress claims sufficiently for the Court to find that his claims are plausible. Accordingly, those claims are dismissed under 28 U.S.C. § 1915A(b)(1).

## II. Motion to File Emergency Request [ECF No. 8]

Mr. Jones has filed a motion seeking relief regarding prison conditions that occurred at Garner Correctional Institution ("Garner") in February 2016. Because Mr. Jones is no longer incarcerated and now resides in Hartford, Connecticut, the request is moot.

"The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). An inmate's requests for injunctive and declaratory relief against correctional staff or conditions of confinement at a particular correctional institution become moot when the inmate is discharged

or transferred to a different correctional institution. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2011) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.") (citing *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam)); *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir.), *cert. denied*, 492 U.S. 909 (1989); *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976). As a result, Mr. Jones's request for emergency relief is denied as moot.

### III. Motion for Order of Federal Evidence Release of Video Preservation [ECF No. 7]

Mr. Jones has filed a motion referring to incidents that occurred in G Unit at Garner in February 2016. He claims that he asked Warden Falcone to preserve video tapes of the incidents, but he has refused to do so. Mr. Jones also seeks Garner employee work rosters for the months of January and February 2016.

Warden Falcone is not a defendant in this action and the allegations regarding conditions at Garner do not pertain to the allegations in the operative Complaint in this case. It would be inappropriate for the Court to enter an order with regard to claims outside of the scope of this case. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Lewis v. Johnson*, No. 08-CV-482(TJM)/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for preliminary injunction based on actions taken by staff at Great

Meadow Correctional Facility in 2010 where complaint alleged wrongdoing by staff at Franklin and Upstate Correctional Facilities in 2006 and 2007).  Therefore, the motion seeking to preserve videotapes and the production of employment rosters is denied.

## ORDERS

The Court enters the following orders:

(1)    The claims for money damages against the Defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).   The Fourth, Fifth and Fourteenth Amendment claims against all Defendants, the claim that Defendant Anne Cornouyer refused to contact the State Police on behalf of Mr. Jones, the negligence and intentional infliction of emotional distress claims, and all claims against Defendants William Longo and Captain Marinelli are **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

The Motion to File Emergency Request [**ECF No. 8**] is **DENIED AS MOOT**.   The Motion for Court Order of Federal Evidence Release of Video Preservation [**ECF No. 7**] is **DENIED**.

The Eighth Amendment deliberate indifference to medical and mental health needs claims will proceed against Defendants Johny Wu, Gerold Gonye, Carson Wright, Mark Frayne, Debi Ward, Pat Ward, Scarlett Forbes, Anne Cornouyer and Ritchard Farey in their individual capacities; the Eighth Amendment deliberate indifference to safety claims will proceed against Defendants Debi Ward, Pat Ward and Scarlett Forbes in their individual capacities; the right to privacy claim will proceed against Defendants Debi Ward, Pat Ward and Scarlett Forbes in their individual capacities; the First Amendment retaliation claim will proceed against Defendant

Mark Frayne in his individual capacity; and the medical malpractice claims will proceed against Defendants Gonye and Wright.

(2)     **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for: Dr. Johny Wu, Dr. Gerold Gonye, Dr. Carson Wright, Dr. Mark Frayne, Debi Ward, Pat Ward, Scarlett Forbes, Warden Anne Cornouyer and Health Services Administrator Ritchard Farey and mail a waiver of service of process request packet to each Defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of the request.  If any Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

13

SO ORDERED at Bridgeport, Connecticut this 19th day of August 2016.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE